NOT FOR PUBLICATION

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADAMS, NASH & HASKELL, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Civil Action No.: 2:19-cv-03529 <br><br> **OPINION** |

**CECCHI, District Judge.**

This matter comes before the Court on the motion of Defendant the United States of America ("Defendant") (ECF No. 7), to dismiss Plaintiff Adams, Nash & Haskell, Inc.'s ("Plaintiff" or "ANH") Amended Complaint (ECF No. 5, "Am. Compl."). Defendant moves to dismiss this action for improper venue under Federal Rule of Civil Procedure 12(b)(3), or alternatively, to transfer venue to the District of Columbia under 28 U.S.C. § 1404(a). Defendant also moves to dismiss Count IV of the Amended Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and Count II for failure to state a claim pursuant to Rule 12(b)(6). The Court decides the motion without oral argument. *See* Fed. R. Civ. P. 78(b). For the reasons set forth below, the Court finds that venue in this District is improper and will transfer this matter to the United States District Court for the District of Columbia under 28 U.S.C. § 1406(a).

**I.   BACKGROUND**

Plaintiff brings this action against Defendant for trademark infringement. Am. Compl. ¶ 1. Plaintiff ANH is an Ohio Corporation and maintains its principal place of business in Kentucky. Id. ¶ 2. ANH is a labor relations strategist and conducts employee opinion surveys for its clients. Id. ¶¶ 7–8. ANH owns the service mark "VIEWPOINT" (trademark Registration No. 1,828,538), which it uses on its surveys. Id. ¶¶ 9–10. Defendant is the United States of America. Id. ¶ 3.

Plaintiff alleges that Defendant used Plaintiff's trademark without permission on Defendant's federal employee surveys created by the U.S. Office of Personnel Management ("OPM"), which is headquartered in Washington, D.C. Id. at 4, 13; ECF No. 7-1 at 1.  The Amended Complaint raises five causes of action against Defendant for violations of federal and state trademark law. Am. Compl. ¶¶ 14–32.  Plaintiff claims likelihood of confusion, mistake, and/or deception, damage to its goodwill and business reputation, and monetary damages. Id. ¶¶ 16, 19, 22, 27, 29, 32.

Defendant filed the instant motion to dismiss the Amended Complaint for lack of waiver of sovereign immunity under Rule 12(b)(1) and failure to plead false designation under Rule 12(b)(6). ECF No. 7-1 at 1.  Defendant also moved to dismiss the case for improper venue under Rule 12(b)(3), or, in the alternative, to transfer venue to the District of Columbia under 28 U.S.C. § 1404(a). Id.  Plaintiff opposed the motion (ECF No. 8), and Defendant replied (ECF No. 9).

## II.     LEGAL STANDARD

An action may be dismissed for improper venue under Federal Rule of Civil Procedure 12(b)(3).  In deciding a Rule 12(b)(3) motion, the court accepts the allegations in the complaint as true unless they are contradicted by the defendant's affidavits. *See Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 158 n.1 (3d Cir. 2012).

A case can be transferred under either 28 U.S.C. § 1404(a) or § 1406(a). *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995).  To determine which provision applies, the court first ascertains whether venue is proper in the original forum. *See Lafferty v. St. Riel*, 495 F.3d 72, 78 (3d Cir. 2007).  In cases against the United States or an agency of the United States, venue is proper in any judicial district where:  "(A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred . . . , or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1).

Section 1404(a) governs transfer when venue is proper in both the original forum and the requested forum. *See* 28 U.S.C. § 1404(a) ("[A] district court may transfer any civil action to any other district . . . where it might have been brought."). Conversely, § 1406(a) governs transfer when venue in the original forum is improper. *See* 28 U.S.C. § 1406(a). Under § 1406(a), a court can *sua sponte* transfer or dismiss the case if it determines that venue is improper. *See Decker v. Dyson*, 165 F. App'x 951, 954 n.3 (3d Cir. 2006).

## III.  DISCUSSION

Defendant moves to dismiss for improper venue under Rule 12(b)(3), or to transfer to the District of Columbia under 28 U.S.C. § 1404(a) (ECF No. 7), arguing that Plaintiff's "focus on alleged activity in New Jersey does not mean that a substantial part of the relevant conduct occurred []here." ECF No. 9 at 2. The Amended Complaint did not identify a basis for venue. Am. Compl. ¶¶ 4–6. Plaintiff's opposition stated that venue is proper under § 1391(e)(1)(B) because "a substantial part of the events giving rise to [its] claims occurred in this district." ECF No. 8 at 2. For the reasons set forth below, the Court finds that transfer under § 1404(a) is inappropriate because venue in this District is improper and will instead analyze transfer under § 1406(a).

### A.  Venue

The Court finds that venue in this District is not proper under § 1391(e)(1)(B) because Plaintiff's allegations in support of venue in New Jersey are conclusory and unsubstantiated.

#### 1. Establishing Venue Under § 1391(e)

Although Plaintiff only cites § 1391(e)(1)(B) as the basis for venue, the Court also notes that neither § 1391(e)(1)(A) (defendant's residence) nor § 1391(e)(1)(C) (plaintiff's residence if no real property is involved) support venue in this District. For purposes of § 1391(e)(1)(A), the United States and its agencies reside in Washington, D.C. *See Reuben H. Donnelley Corp. v. FTC*,

3

580 F.2d 264, 267 (7th Cir. 1978) (stating that the federal government generally resides in the District of Columbia only); *Downey v. United States*, No. 19-406, 2019 WL 4143288, at *4 (D. Haw. Aug. 30, 2019). Here, the only named defendant, the United States, resides in the District of Columbia, and thus venue cannot lie in New Jersey under subsection (A). For purposes of § 1391(e)(1)(C), an entity-plaintiff resides "only in the judicial district in which it maintains its principal place of business." § 1391(c)(2). Here, Plaintiff maintains its principal place of business in Kentucky. Am. Compl. ¶ 2. Thus, venue does not lie in this District under subsection (C) because Plaintiff does not maintain its principal place of business in New Jersey.

Under § 1391(e)(1)(B), the requirement that a substantial part of the events giving rise to the claim occur in the chosen forum, "limits venue to those districts in which 'a considerable portion of the events took place.'" *E.V. v. Robinson*, 200 F. Supp. 3d 108, 113 (D.D.C. 2016) (quoting *Perlmutter v. Varone*, 59 F. Supp. 3d 107, 110 (D.D.C. 2014)). The plaintiff "must show that a considerable portion of the events took place in their chosen forum." *Perlmutter*, 59 F. Supp. 3d at 110. To determine whether a plaintiff has met the substantial part requirement, "courts should undertake a 'commonsense appraisal' of the 'events having operative significance in the case.'" *Id.* at 111 (quoting *Lamont v. Haig*, 590 F.2d 1124, 1134 & n.62 (D.C. Cir. 1978)). To establish venue under § 1391(e)(1)(B), a court must find that the activities in the chosen forum "played a substantial role in the circumstances leading up to the plaintiff's claim." *Crowe & Dunlevy, P.C. v. Stidham*, 609 F. Supp. 2d 1211, 1221 (N.D. Okla. 2009). To determine whether the events are substantial, courts look to the "nature of the dispute." *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 295 (3d Cir. 1994).

Here, the venue analysis under § 1391(e)(1)(B) turns on whether a substantial part of the events giving rise to Plaintiff's trademark claims occurred in New Jersey. In support of its

4

argument, Plaintiff states that "agencies of the United States of America that are engaging in the conduct complained of . . . are located in New Jersey," and lists sixteen agencies in New Jersey. Am. Compl. ¶ 6.  Plaintiff's claim is that OPM sent surveys to agencies in this District. Id.; ECF No. 8 at 4.  Even though Plaintiff chose to focus its factual allegations on New Jersey, the OPM survey was sent to federal agencies nation-wide. *See* Am. Compl. at 13; *see also* Declaration of Kimberly Wells, OPM, ECF No. 7-2 at 1–3.  Plaintiff admits that the alleged infringement "is much more widespread" than New Jersey, claiming that "at least 415 agencies of the Defendant have used ANH's Viewpoint trademark, constituting hundreds of thousands of infringing uses by thousands of Defendant's employees." ECF No. 8 at 14; *see* Am. Compl. at 6.  Yet Plaintiff failed to explain how the OPM surveys sent to New Jersey were a substantial part of all surveys OPM sent to federal employees. *See Maxtak Capital Advisors LLC v. ParkerVision, Inc.*, No. 11-7549, 2012 WL 4673244, at *4 (D.N.J. Oct.1, 2012) (according plaintiffs' choice of forum less weight without evidence that defendant's conduct was "specifically directed to New Jersey as opposed to the market at large"); *Davies Precision Machining, Inc. v. Def. Logistics Agency*, 825 F. Supp. 105, 106 (E.D. Pa. 1993); *cf. One World Botanicals Ltd. v. Gulf Coast Nutritionals, Inc.*, 987 F. Supp. 317, 323–24 (D.N.J. 1997) (finding venue proper in New Jersey where defendant specifically directed its activities by shipping infringing products to a distributor); *Unix Sys. Laboratories, Inc. v. Berkeley Software Design, Inc.*, No. 92-1667, 1993 WL 414724, at *11 (D.N.J. Mar. 3, 1993) (denying Rule 12(b)(3) motion without "evidence that any state received substantially more solicitations or distributions than New Jersey").

       Looking to the nature of this trademark case, the Court cannot infer that the alleged events in New Jersey were substantial or have operative significance in the case.  Plaintiff merely listed sixteen purported federal agency offices in New Jersey. *See* Am. Compl. ¶ 6; ECF No. 8 at 4.

Using Plaintiff's logic, its trademark was infringed in every district in which a federal agency office received OPM's survey. However, it is not apparent how the alleged infringement in New Jersey constitutes a substantial part of the OPM surveys sent to multiple locations of 488 agencies and agency subcomponents. *See* Am. Compl. at 13–25. The federal agencies Plaintiff claims "are located in New Jersey" (id. ¶ 6), are regional offices with many locations in other states and thus constitute an even smaller portion of OPM's overall survey.[1] Therefore, the nature of this case suggests that the alleged infringement in New Jersey was not a substantial part of the events giving rise to Plaintiff's claims. Plaintiff offers only how many surveys were likely completed in this District but not how this number was a substantial part of OPM's survey of all federal employees.

### 2. Venue Analysis in Trademark Cases

Plaintiff also argues that venue is proper under the venue analysis used in trademark cases. *See* ECF No. 8 at 3 ("Defendant's trademark infringement and passing off occurred in New Jersey."). Courts in this District use the passing off standard to analyze venue in trademark cases. *See Cottman*, 36 F.3d at 295 (stating the focus of the venue inquiry in trademark cases as "the location where the unauthorized passing off takes place—whether that occurs solely within one district or in many"). However, the passing off standard cannot be used to establish venue in this case. *See, e.g.*, *ED-GEL, LLC v. Wells Pharmacy Network, LLC*, No. 12-7292, 2013 WL 12152483, at *3 (D.N.J. Dec. 17, 2013) (defining passing off as the location "where the defendant carries on his business because that is where the allegedly infringing activity would have occurred" and transferring venue because the infringing product was created and marketed in Florida, despite

---

[1] For example, the Department of Housing and Urban Development ("HUD") office Plaintiff claims "is located in Newark, New Jersey" (Am. Compl. ¶ 6), is just one of HUD's sixty-five regional and field offices with locations in all fifty states, Washington, D.C., and Puerto Rico. *See HUD's Local Offices*, HUD.gov, www.hud.gov/program_offices/field_policy_mgt/localoffices.

6

being sold in New Jersey); *Vision Wine & Spirits, LLC v. Winery Exch., Inc.*, No. 12-6677, 2013 WL 1737015, at *4 (D.N.J. Apr. 22, 2013) (explaining passing off as occurring when a deceived customer buys defendant's product believing that he is buying plaintiff's product). Plaintiff does not allege that OPM carries on its business in New Jersey. Plaintiff also does not allege that its clients in New Jersey bought Defendant's surveys believing that they were buying Plaintiff's. In fact, Defendant's surveys are only for government employees (Am. Compl. at 13) and Plaintiff does not claim that any of its clients are government agencies. Plaintiff has failed to substantiate its conclusory claim that a substantial part of the alleged passing off of its trademark occurred in New Jersey, and thus the Court cannot conclude that venue lies in this District under this standard.

The cases cited by Plaintiff in support of this argument are further distinguishable because those cases were deciding between venue in only two states. *See, e.g.*, *Cottman*, 36 F.3d at 292–93 (Pennsylvania or Michigan); *Tefal, S.A. v. Prods. Int'l Co.*, 529 F.2d 495, 496–97 (3d Cir. 1976) (New Jersey or California). Here, because the alleged infringement occurred in districts in many states, Plaintiff failed to show how the events in New Jersey played a substantial role in its claim.

In sum, the Court concludes that Plaintiff's focus on alleged conduct in New Jersey, without more, failed to satisfy its burden of alleging that the activities in New Jersey were a substantial part of the events giving rise to its claim. Accordingly, venue is not proper in this District under § 1391(e)(1)(B). As such, the Court cannot transfer under § 1404(a) and instead will now consider whether to dismiss or transfer this matter under § 1406(a).

### B.     Transfer Pursuant to 28 U.S.C. § 1406(a)

The Court concludes that venue is not proper in this District and finds that transfer under § 1406(a) is appropriate in the interest of justice. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the

interest of justice, transfer such case to any district . . . in which it could have been brought."). To transfer under § 1406(a), the Court must decide whether this case could have been brought in the transferee court, and whether transfer is in the interest of justice. *See Lafferty*, 495 F.3d at 77.

The Court finds that this action could have been brought in the District of Columbia.[2] *See* § 1391(e)(1)(A) ("A civil action [against] . . . an agency of the United States, or the United States, may . . . be brought in any judicial district in which (A) a defendant in the action resides."). As explained above, the United States and its agencies reside in Washington, D.C. for purposes of venue under § 1391(e)(1)(A). *See Stafford v. Briggs*, 444 U.S. 527, 542 (1980); *Reuben H. Donnelley Corp.*, 580 F.2d at 267 & n.6; *Downey*, 2019 WL 4143288, at *4. Here, the only named defendant, the United States, and specifically OPM, reside in the District of Columbia. *See* Am. Compl. at 4, 13; ECF No. 7-1 at 1; *see, e.g.*, *RAJMP, Inc. v. United States*, No. 18-3045, 2019 WL 2613304, at *2 (D. Colo. May 9, 2019) (rejecting the view that the United States resides in all districts and finding that the only named defendant, the United States, and the IRS, the relevant agency, resided in the District of Columbia); *Buckley v. United States*, No. 13-17, 2013 WL 2242995, at *4 n.4 (E.D. Tenn. May 21, 2013) (finding that the complaint acknowledged that "while the[] suit was filed against the United States, the agency at issue [was] the U.S. Department of the Treasury"). Accordingly, because the United States and OPM reside in Washington D.C., this case could have been brought in the District of Columbia under § 1391(e)(1)(A).

The only remaining question is whether transfer, rather than dismissal, is in the interest of justice. A court may transfer in lieu of dismissal regardless of whether the plaintiff was incorrect as to venue. *See J.F. Lomma, Inc. v. Stevenson Crane Servs., Inc.*, No. 10-3496, 2011 WL 463051,

---

[2] The U.S. District Court for the District of Columbia has subject matter jurisdiction over this Lanham Act trademark action (15 U.S.C. § 1051 *et seq.*), as federal district courts have jurisdiction pursuant to provisions including 15 U.S.C. § 1121(a), 28 U.S.C. §§ 1331, 1338, and 1367(a).

at *5 (D.N.J. Feb. 3, 2011). The decision whether transfer or dismissal serves the interest of justice is within the discretion of the district court. *See id.*; *see also Decker*, 165 F. App'x at 954 n.3 (noting the court's discretion to *sua sponte* dismiss or transfer under § 1406(a)). Transfer generally serves the interests of justice and is thus favored over dismissal. *See J.F. Lomma*, 2011 WL 463051, at *5; *Markey v. Fastuca*, No. 05-1450, 2006 WL 469948, at *3 (D.N.J. Feb. 27, 2006) (calling dismissal a harsh remedy).

The Court will transfer this action to the District of Columbia in the interest of justice pursuant to § 1406(a).[3] Accordingly, the Court need not address Defendant's remaining argument under Rule 12 (*see* ECF No. 7-1 at 13, 19–22), because requests to transfer venue are considered non-dispositive motions. *See Joseph v. AXA Equitable Life Ins. Co.*, No. 18-3839, 2018 WL

---

[3] The Court also notes that even assuming, *arguendo*, venue was proper in this District, transfer would nonetheless be appropriate under § 1404(a). The § 1404(a) considerations (convenience and interests of justice) and the public and private interest factors used to analyze transfer in the Third Circuit, support venue in the District of Columbia. *See Jumara*, 55 F.3d at 879–80. The District of Columbia is a more convenient forum for this action as neither party is located in New Jersey and one party is located in Washington, D.C. and relevant witnesses are located there. In addition, transfer is in the interest of justice under § 1404(a) as issues concerning a federal survey favor litigation in the District of Columbia where the survey was created and administered. The private interest factors also support transfer to the District of Columbia as the claims at issue arose out of activities in Washington, D.C. where the survey was created and maintained by OPM, the forum is more convenient for the Government and the witnesses, and the books and records are located there. While Plaintiff (an Ohio corporation with its principal place of business in Kentucky) will have to travel regardless of whether the case is heard in New Jersey or in the District of Columbia, that factor appears more neutral and does not tip the balance away from the District of Columbia. *See* ECF No. 5 at 1; ECF No. 7-1 at 11–12; ECF No. 9 at 4–6. Similarly, although Plaintiff chose this forum and argues that its choice should be given deference, Plaintiff concedes that New Jersey is not its state of residence (ECF No. 8 at 6), which is an important consideration that weighs against according great weight to a plaintiff's choice of forum. *See Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 521 (D.N.J. 1998) (citations omitted) ("One situation where deference is curbed is where the plaintiff has not chosen his or her home forum. Another situation is where the choice of forum by a plaintiff has little connection with the operative facts of the lawsuit."). Public interest factors further support transfer given practical considerations of litigating this trademark action against the Government where the Government and witnesses are located, and the District of Columbia's interest in deciding a controversy involving OPM at home as well as enforcement. *See* ECF No. 7-1 at 11–12; ECF No. 9 at 6–7.

5962475, at *2 (D.N.J. Nov. 14, 2018).  Likewise, the Court need not address Plaintiff's alternate request for leave to amend Count II. *See* ECF No. 8 at 16.

## IV.   CONCLUSION

For the reasons set forth above, the Court *sua sponte* transfers this matter to the United States District Court for the District of Columbia under 28 U.S.C. § 1406(a).  Consequently, Defendant's motion to dismiss for improper venue is denied (ECF No. 7), and its alternative request to transfer under § 1404(a) to the District of Columbia is denied as moot (ECF No. 7).  Additionally, in light of the foregoing, Defendant's motion to dismiss under Rule 12(b)(1) for lack of jurisdiction and under Rule 12(b)(6) for failure to state a claim (ECF No. 7), is denied without prejudice.  Defendant may re-file the motion to dismiss with the transferee court in the District of Columbia.  An appropriate Order accompanies this Opinion.


DATED:  March 19, 2020

_____
Claire C. Cecchi, U.S.D.J.
